IN re the MARRIAGE OF Larry Eugene MALONE and Pamela Jean Malone.

Upon the Petition of Larry Eugene Malone, Petitioner-Appellee,

and Concerning Pamela Jean Malone, Respondent-Appellant.

No. 2–69334.

Court of Appeals of Iowa.

Sept. 27, 1983.

Mary Beth Howe, Davenport, for respondent-appellant.

Stephen D. Haufe and Randy Current of Jurgemeyer, Frey & Haufe, Clinton, for petitioner-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, and HAYDEN, JJ.

OXBERGER, Chief Judge.

In 1978, an Iowa decree dissolved the marriage of petitioner Larry Eugene Malone and respondent Pamela Jean Malone. The trial court lacked personal jurisdiction over both Pamela and the parties' minor child, Angela, because they did not live in Iowa; thus, the court could not determine to whom it should grant custody of Angela. However, in 1980, Pamela moved to Iowa. She and Larry entered into a stipulation that Pamela was to have custody of the child and that she was not to take the child more than 200 miles from Clinton, except for vacations, without prior court approval. The trial court modified the decree to include the stipulation.

Pamela applied for court approval to remove Angela from Iowa to Oklahoma City in 1982. Since the modification, Pamela is no longer disabled from illnesses, as she was at the time of the modification. She has graduated from a business school. She claimed better employment opportunities were available outside of Iowa, yet she had no offer of a position or housing. Larry resisted the application for removal and filed an application to modify the decree to transfer custody of Angela to him. The trial court found that Larry had not shown that he would be able to minister to Angela's needs better than would Pamela; it therefore denied Larry's application for modification of the custody decree.

The trial court treated Pamela's application to remove Angela as an application for modification of the decree to eliminate the restriction against removal. Treating it as an application for modification, the trial court denied Pamela's application because the court did not find a substantial change of circumstances, and because it further found that a move would disrupt the child's special education in Iowa and Larry's visitation rights with the child.

On appeal, Pamela asserts that her application to the court to remove Angela from the state should not have been treated as a modification, thereby placing the burden on her to demonstrate a substantial change in the circumstances.

Our scope of review on this issue is de novo. Iowa R.App.P. 4. We give weight to the findings of the trial court but are not bound by them. *In re Marriage of Novak,* 220 N.W.2d 592, 597 (Iowa 1974). The Iowa Supreme Court, in *In re Marriage of Welbes,* 327 N.W.2d 756 (Iowa 1982), discussed a trial court decree which forbad permanent removal of the parties' child from the state except by order of court. The supreme court interpreted the restriction as meaning only after notice to the noncustodial parent and a hearing on the custodial parent's application for removal. Notice and a hearing give the noncustodial parent an opportunity to resist the custodial parent's request and to show why the custo-

dial parent should not be permitted to remove the child from the state. *Id.* at 758–59. The supreme court's discussion and analysis in *Welbes* may be applied to the present case.

█ Notwithstanding the fact that the trial court erroneously placed the burden of proof on Pamela, we agree with its decision. Pamela should not have had the burden to prove a substantial change of circumstances in order to remove the child from the state. The burden of proof is on Larry to show that the move would not be in the best interests of the child. Because the instant decree stated the requirement of "prior court approval after notice to Petitioner and hearing on any such removal request," we believe it was within the contemplation of the court that the child might be leaving the state. As such, the only issue remaining is: Does the move promote the best interests of the child?

█ Our de novo review of the record shows that Pamela has no job prospects in Oklahoma City—only the hope of opportunity. She has no living arrangements except a temporary and uncertain stay with her mother. She desires to be near her mother for family tie reasons, yet she has siblings living near Clinton, Iowa. She and her daughter are obtaining public assistance in Iowa; her daughter is receiving help at school for her physical and mental health needs, and for her special education problems. Angela is also regularly visited by her father. We hold that a change in the living situation of the child, Angela, as established by the original decree and stipulation incorporated therein, is not in Angela's best interests at this time.

AFFIRMED.

All Judges concur, except SNELL and DONIELSON, JJ., who concur specially.

SNELL, Judge (concurring specially).

I agree with the outcome in this case. However, I disagree as to the burden of proof required by the majority.

The decree as modified by stipulation in the instant case specifically provided that Pamela was to have custody and she was not to take the child more than 200 miles from Clinton, except for vacations, without prior court approval. According to the majority's holding, it appears she has only to apply to the court for permission to move and, if Larry cannot prove that a move would *not* be in the best interests of the child, Pamela will be allowed to move.

A court issues a decree to make a permanent record on which the parties can rely. *See In re Marriage of Lower,* 269 N.W.2d 822, 826 (Iowa 1978). The burden of proof should be on the party wishing to depart from the decree provisions. See *id. Cf. In re Marriage of Frederici,* 338 N.W.2d 156 (Iowa 1983). Therefore, in the instant case, Pamela should have the burden of proving why she should receive the court's approval to move. She should not be allowed to remove the child on a mere whim because the restriction was imposed in the original decree to prevent that exact occurrence. She should be required to prove that in all the circumstances then prevailing, the best interests of the child require a vacating of the restriction so as to permit her to remove the child from the state. Proper notice and hearing gives Larry an opportunity to resist Pamela's request by showing the desired move would not be in the best interests of the child. This standard should be applied to cases in which a dissolution decree restricts a custodial parent's right to remove a child from a geographical area *except upon court approval.*

In the present case, Pamela has not met this burden of proof. Therefore, the trial court's decision to deny Pamela permission to leave the state was proper. For the above reasons, I would affirm.

DONIELSON, J., joins this special concurrence.